STATE OF WEST VIRGINIA

COUNTY OF MARSHALL


I, DAVID R. EALY, CLERK OF THE CIRCUIT COURT OF MARSHALL COUNTY,

WEST VIRGINIA, HEREBY CERTIFY THAT THE FOREGOING ARE A TRUE AND

EXACT COPY OF THE ORIGINAL  DOCKET SHEET and A COPY OF THE ORIGINAL

COMPLAINT FILED IN STANLEY MILLER VS ALLSTATE VEHICLE AND PROPERTY.

CIVIL ACTION 15-C-78.


GIVEN UNDER MY HAND AND SEAL THIS 30TH DAY OF JUNE, 2015.


DAVID R. EALY, CLERK

BY: _____

Deputy Clerk





EXHIBIT

A

STANLEY MILLER                    VS. ALLSTATE VEHICLE & PROPERTY IN

LINE    DATE    ACTION

    1 05/14/15   COMPLAINT & CCIS FILED: HOLD SERVICE
    2 06/10/15   SUM AND COMP TO SEC OF ST FOR SERVICE ON ALLSTATE VEHICLE &
    3            PROP INS CO.
    4 06/26/15   ACCEPTANCE BY SEC OF ST ON 6/17 FOR SERV  ON ALLSTATE VEH.



**IN THE CIRCUIT COURT OF MARSHALL COUNTY, WEST VIRGINIA**

STANLEY MILLER,

       Plaintiff,

    vs.                       CIVIL ACTION NO.: _15-C-78_

ALLSTATE VEHICLE & PROPERTY
INSURANCE COMPANY,

       Defendant.

## COMPLAINT

    Now comes the plaintiff, Stanley Miller, and for his cause of action against

Defendant Allstate Vehicle & Property Insurance Company, states and alleges, as

follows, to-wit:

### COUNT I

    1. Plaintiff Stanley Miller is an adult individual and resident of Marshall County,

West Virginia.

    2. Based upon information and belief, Defendant Allstate Vehicle & Property

Insurance Company (hereinafter referred to as "Defendant Allstate") is a foreign

corporation and insurance company licensed to conduct business in West Virginia and

actively doing business throughout the State of West Virginia, and Marshall County,

West Virginia, thereby purposefully availing themselves of the privileges and benefits of

conducting business within the State of West Virginia, and Marshall County, West

Virginia; Defendant Allstate solicited and sold homeowners insurance policies within the

State of West Virginia and specifically did and does business in Marshall County, West

Virginia, thereby purposefully availing themselves of the privileges and benefits of

1

conducting business within the State of West Virginia; Defendant Allstate has multiple

and substantial contacts with the State of West Virginia and Marshall County;

Defendant Allstate's principal office address is 2775 Sanders Rd, Northbrook, IL

60062-6127; and Defendant Allstate's notice of process agent as registered with the

West Virginia Secretary of State is c/o CT Corporation System, 5400 D Big Tyler Road,

Charleston, WV 25313.

    3.  At all times relevant herein, plaintiff, Stanley Miller, was without comparative

negligence, and/or other wrongful conduct.

    4.  Plaintiff Stanley Miller owned and resided at the property located at 238

Skyline Dr, Moundsville, Marshall County, West Virginia 26041-5180, and had an

insurable interest in the property.

    5.  At all times relevant herein, Defendant Allstate, and its agents, adjusters, and

employees were required to obey a code of conduct regarding the appropriate

conducting of insurance business, including the good faith adjustment of claims,

common law of first party insurance company claim conduct, the West Virginia Unfair

Trade Practices Act, W. Va. Code §33-11-4, and the West Virginia Insurance

Regulations, in the handling, investigating, adjusting and settling of plaintiff's first-party

claim for homeowners insurance benefits.

    6.  Prior to May 14, 2014, the plaintiff had purchased a homeowners insurance

policy from Defendant Allstate to insure the plaintiff against numerous perils, casualties,

and liabilities pursuant to the homeowners insurance policy, the plaintiff timely paid a

valuable premium, and the policy number was 952 988 083.

    7.  The aforesaid homeowners insurance policy insured the plaintiff's residence,

2

garage and property, including the roofs, shingles, sheeting, drip edge, ice and water shield, felt, roof vents, roof boots, front porch awning, gutters and downspouts, located at 238 Skyline Dr, Moundsville, Marshall County, West Virginia, and the homeowners insurance policy was valid, binding, and in effect on or about May 14, 2014, and thereafter.

8. On May 14, 2014, through no act or omission on the part of plaintiff, plaintiff's residence, garage and property, including the roofs, shingles, sheeting, drip edge, ice and water shield, felt, roof vents, roof boots, front porch awning, siding, gutters and downspouts, located at 238 Skyline Dr, Moundsville, Marshall County, West Virginia, was damaged by wind and hail, which was a covered event and loss.

9. As a direct and proximate result of the aforesaid covered casualty loss caused by wind and hail, the plaintiff sustained damage to his aforesaid property, including dwelling, garage, real property, personal property, and other losses.

10. The plaintiff's property damage and losses to his residence and property were covered losses under the homeowners insurance policy purchased by the plaintiff from Defendant Allstate without exclusion.

11. Shortly after May 14, 2014, Defendant Allstate became aware of the covered event and loss hereinbefore described and the claims of the plaintiff.

12. It was reasonably clear shortly after May 14, 2014, that the plaintiff's claim against his homeowners insurance policy for his property damage and losses was covered by the aforesaid policy without exclusion.

13. The plaintiff substantially complied with all requirements and policy provisions of Defendant Allstate's said homeowners insurance policy, and the plaintiff

3

promptly, timely, and repeatedly reported his property damage claims and losses

sustained on or about May 14, 2014, to Defendant Allstate and its agents, employees,

and adjusters requesting coverage and payment for the perils insured against pursuant

to the contractual promises made by Defendant Allstate in the aforesaid homeowners

insurance policy.

14. The plaintiff was wrongfully and repeatedly denied coverage for his covered

claim for the damages and losses to his residence, garage and property under his

homeowners insurance policy by Defendant Allstate.

15. Defendant Allstate acted by and through its agents, employees, and

adjusters they employed to handle, adjust, investigate and/or defend the claim, and

many of the negotiations, investigation of the claim and the defense of the same

occurred in Marshall County, West Virginia.

16. As a direct and proximate result of the wrongful denial of the plaintiff's claim

for homeowners insurance policy benefits against Defendant Allstate under his

homeowners insurance policy by Defendant Allstate, the plaintiff was caused to sustain

injuries, damages and other losses including, but not limited to: (a) attorneys fees; (b)

costs; and (c) expenses.

17. Prior to the this lawsuit being filed, the plaintiff advised Defendant Allstate

that his property damage claim for homeowners insurance policy benefits was covered

under his Allstate homeowners insurance policy and his damages exceeded all offers of

settlement.

18. The plaintiff made demands and were wrongfully denied by Defendant

Allstate to settle or cover his claim for property damage and losses to his residence and

4

property under his Allstate homeowners insurance policy.

19. Prior to this lawsuit being filed, Defendant Allstate repeatedly wrongfully and intentionally denied coverage, and denied the plaintiff's demands.

20. Defendant Allstate had multiple opportunities to settle or provide coverage for plaintiff's property damage claim for homeowners insurance policy benefits against his Allstate homeowners insurance policy prior to the eventual filing of this lawsuit.

21. As a direct and proximate result of the acts of Defendant Allstate in refusing and failing to afford coverage and settle the plaintiff's property damage claim under his Allstate homeowners insurance policy, the plaintiff was required to employ the services of an attorney to institute litigation in order to recover the just and proper damages resulting to the plaintiff as a result of the May 14, 2014, covered incident as hereinbefore set forth.

22. Shortly after May 14, 2014, it was clear to Defendant Allstate that Defendant Allstate was liable to their insured, the plaintiff, for the damages and losses sustained by the plaintiff.

23. On or before the filing of this lawsuit, Defendant Allstate had possession of evidence indicating that the plaintiff sustained a covered loss and significant damages and losses as are hereinbefore and hereinafter more fully set forth.

24. On or before the filing of this lawsuit, Defendant Allstate knew that the plaintiff's property damage claim for homeowners insurance policy benefits had a value far in excess of their settlement offers.

25. Pursuant to the plaintiff's homeowners insurance policy, Defendant Allstate contractually owes the plaintiff fair and just compensation for all property damage and

5

losses sustained in the May 14, 2014, covered casualty described herein, as well as a duty of good faith in adjusting his losses.

26. Despite repeated demands, Defendant Allstate has refused to pay the plaintiff his contractually owed policy benefits for all property damages and losses sustained by the plaintiff by virtue of the insured casualty of May 14, 2014, properly investigate the claim, and deal with the plaintiff in a good faith manner, thus, Defendant Allstate has breached the express and implied terms of the aforesaid homeowners insurance policy.

27. On or before the filing of this lawsuit, Defendant Allstate knew they were governed by the common law of first party insurance company claim misconduct, by the West Virginia Unfair Trade Practices Act, W. Va. Code §33-11-4, and the insurance regulations in the handling of the plaintiff's property damage claim for homeowners insurance policy benefits.

28. Defendant Allstate's claims handling is part of a general business practice and course of conduct involving multiple violations of West Virginia statutory law and/or West Virginia Insurance Regulations.

29. Defendant Allstate, by and through its agents, adjusters, and employees violated the West Virginia Unfair Trade Practices Act, and West Virginia Insurance Regulations with such frequency as to indicate a general business practice, specifically including, failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies, failing in good faith to effectuate prompt, fair and equitable settlement of claims in which liability has become reasonably clear, failing to acknowledge and act reasonably promptly upon communications with

6

respect to claims arising under insurance policies, refusing to pay claims without conducting a reasonable investigation based upon all available information, compelling an insured person under an insurance policy to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amount ultimately recovered in actions brought by such insured, when such insureds have made claims for amounts reasonably similar to the amounts ultimately recovered, failing to negotiate in good faith, and other violations of the West Virginia Unfair Trade Practices Act and Insurance Regulations.

30.  The plaintiff realleges and incorporates by reference all of the allegations of this Complaint as if set forth fully herein.

## COUNT II

### (Common Law Claim Misconduct)

31.  The plaintiff realleges and incorporates by reference all of the allegations of this Complaint as if set forth fully herein.

32.  The actions of Defendant Allstate constituted unreasonable delay, wrongful denial of coverage and wrongful withholding of payment for the plaintiff's property damage claim for homeowners insurance benefits covered under his Allstate homeowners insurance policy.

33.  Defendant Allstate failed to make a fair good-faith investigation of the facts and circumstances surrounding the plaintiff's property damage claim for homeowners insurance benefits and refused to properly settle and honor his claims with just cause.

34.  Based on Defendant Allstate's refusal and failure to timely settle plaintiff's

7

claim for homeowners insurance policy benefits under the Allstate insurance policy, the plaintiff was forced to employ the services of an attorney in order to establish the full amount of his damages under the homeowners insurance policy.

35. As a direct and proximate result of the acts alleged in this count of the Complaint, the plaintiff was damaged and injured as is hereinafter set forth.

## COUNT III

### (West Virginia Unfair Trade Practice Act)

36. The plaintiff realleges and incorporates by reference all of the allegations of this Complaint as if set forth fully herein.

37. Prior to this lawsuit being filed, the plaintiff repeatedly demanded prompt and fair settlement of his property damage claim for homeowners insurance policy benefits against his Allstate homeowners insurance policy.

38. Prior to this lawsuit being filed, the plaintiff advised Defendant Allstate that his property damage claim for homeowners insurance policy benefits was covered under his Allstate homeowners insurance policy, that liability/coverage was reasonably clear, and his damages exceeded all offers of settlement.

39. Prior to this lawsuit being filed, the plaintiff made demands and was wrongfully denied by Defendant Allstate to settle his property damage claim for homeowners insurance policy benefits against his Allstate homeowners insurance policy.

40. Prior to this lawsuit being filed, Defendant Allstate repeatedly denied the plaintiff's property damage claim.

41. As a direct and proximate result of the acts of Defendant Allstate in refusing and failing to timely settle the plaintiff's property damage claim under his Allstate homeowners insurance policy, the plaintiff was required to employ the services of an attorney to institute litigation in order to recover the just and proper damages resulting to the plaintiff as a result of the May 14, 2014, covered casualty as hereinbefore set forth.

42. Shortly after, and on or before the filing of this lawsuit, Defendant Allstate knew that the plaintiff's property damage claim for homeowners insurance policy benefits was covered under Allstate's homeowners insurance policy and had a value far in excess of their settlement offers.

43. Shortly after, and on or before the filing of this lawsuit, Defendant Allstate had possession of evidence, documents and records indicating that plaintiff sustained a covered loss and significant damages, injuries and losses as are hereinbefore and hereinafter more fully set forth.

44. Prior to this lawsuit being filed, Defendant Allstate knew that the plaintiff's claim for homeowners insurance policy benefits had a value far in excess of their settlement offers, and Defendant Allstate wrongfully failed to make a prompt, fair and equitable settlement offer on the claim for which liability has become reasonably clear, but instead made a low-ball offer of $32.36.

45. The plaintiff was required to employ the services of an attorney and forced to file this lawsuit because of the acts and omissions of Defendant Allstate, including but not limited to: failure to conduct a prompt, fair and reasonable investigation; attempting to starve the plaintiff into an unjust settlement; unreasonably refusing to

9

acknowledge that Defendant Allstate was liable for the plaintiff's property damage claim for homeowners insurance benefits; failing to negotiate in good faith; unreasonably refusing to acknowledge that the plaintiff's property damage claim was a covered loss; not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear; failed to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies; misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue; failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies; wrongfully refusing to pay claims without conducting a reasonable investigation based upon all available information; failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement; failure to conduct a meaningful investigation of the facts and circumstances of the claim prior to denying coverage; failing to promptly adjust and pay the property damage and losses sustained by the plaintiff, which damages and losses were covered by the homeowners insurance policy; failing to deal with the plaintiff in a good faith manner; refusing to pay homeowners insurance policy benefits for which the plaintiff had paid valuable policy premiums; failing to fully disclose to first party claimants all pertinent benefits, coverages or other provisions of an insurance policy or insurance contract under which a claim is presented; concealing from first party claimants benefits, coverages or other provisions of any insurance policy or insurance contract when such benefits, coverages or other provisions are pertinent to a claim; wrongfully compelling an insured person under the Allstate insurance policy to

10

undergo protracted litigation to recover amounts due under an insurance policy by offering substantially less than the amount ultimately recovered in actions brought by such insureds, when such insureds have made claims for amounts reasonably similar to the amount ultimately recovered; failed to timely respond to settlement demands and pertinent communications on multiple occasions throughout plaintiff's first-party homeowners claim; and other acts and omissions by Defendant Allstate.

46. Defendant Allstate, and its agents, adjusters, and employees committed multiple violations of the duties owed by insurance companies under the West Virginia regulatory and statutory provisions regarding insurance claims settlement practices, including the following violations of the West Virginia Unfair Trade Practices Act, W.Va. Code § 33-11-4(9), as well as the applicable insurance regulations promulgated thereunder:

a. failed to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;

b. failed in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear;

c. failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;

d. refusing to pay claims without conducting a reasonable investigation based upon all available information;

e. compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds, when such insureds have

13

made claims for amounts reasonably similar to the amounts ultimately recovered;

f.  misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue;

g.  failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement;

h.  failing to fully disclose to first party claimants all pertinent benefits, coverages or other provisions of an insurance policy or insurance contract under which a claim is presented;

i.  concealing from first party claimants benefits, coverages or other provisions of any insurance policy or insurance contract when such benefits, coverages or other provisions are pertinent to a claim; and

j.  additional statutory violations that may become known as this matter progresses.

47.  The plaintiff's demands for his property damage claim for homeowners insurance policy benefits under his Allstate homeowners insurance policy were systematically denied by Defendant Allstate; Defendant Allstate systemically denied coverage for the plaintiff's covered property damage claim for the insured casualty; and the plaintiff was forced to file this lawsuit in order to recover for his lawful claims and in order to establish the full amount of his damages.

48.  Defendant Allstate had multiple opportunities to settle the plaintiff's first-party property damage claim for homeowners insurance policy benefits under his

Allstate homeowners insurance policy purchased and contracted from Defendant Allstate prior to filing this lawsuit.

49.  Defendant Allstate, and its agents, adjusters, and employees committed multiple violations of the West Virginia Unfair Trade Practices Act and West Virginia Insurance Regulations with such frequency as to indicate a general business practice in this case, and upon information and belief, in other cases.

50.  As a direct and proximate result of the acts alleged in this count of the Complaint, the plaintiff was damaged and injured as is hereinafter set forth.

<u>**COUNT IV**</u>

**(Breach of Contract)**

51.  The plaintiff realleges and incorporates by reference all of the allegations of this Complaint as if set forth fully herein.

52.  Defendant Allstate breached the plaintiff's Allstate homeowners insurance policy contract through the following, but not limited, to acts and omissions: failure to conduct a prompt and reasonable investigation; attempting to starve the plaintiff into an unjust settlement; unreasonably refusing to acknowledge that Defendant Allstate was liable for the plaintiff's property damage claim for homeowners insurance benefits; failing to negotiate in good faith; unreasonably refusing to acknowledge that the plaintiff's property damage claim was a covered loss; not attempting in good faith to effectuate prompt, fair and equitable settlement of claims in which liability has become reasonably clear; failed to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies; misrepresenting pertinent facts

13

or insurance policy provisions relating to coverages at issue; failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies; refusing to pay claims without conducting a reasonable investigation based upon all available information; failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement; and other acts and omissions by Defendant Allstate.

53.  As a direct and proximate result of the acts alleged in this count of the Complaint, the plaintiff was damaged and injured as is hereinafter set forth.

## COUNT V

### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

54.  The plaintiff realleges and incorporates by reference all of the allegations of this Complaint as if set forth fully herein.

55.  Defendant Allstate breached their implied covenant of good faith and fair dealing with the plaintiff, including, but not limited to:

a.  offering a sum totally insufficient to compensate plaintiff for his damages and losses which offer was not based upon reasonable and substantial grounds;

b.  unreasonably refusing to acknowledge that the plaintiff's property damage claim was a covered loss and which denial was not based upon reasonable and substantial grounds;

c.  failing to accord the interest and rights of the plaintiff at least as great a

14

respect as its own;

d. failing to conduct a proper investigation and evaluation of the first-party property damage claim for homeowners insurance benefits based upon the objective and cogent evidence;

e. failing to timely offer and fairly settle the plaintiff's claim when it became reasonably clear that the claim was covered under the plaintiff's Allstate homeowners insurance policy and the value of the plaintiff's claim exceeded Defendant Allstate's settlement offers and there was potential for substantial recovery; and

f. subjected the plaintiff to protracted litigation in an attempt to defeat or minimize the claims of the plaintiff.

56. As a direct and proximate result of the acts alleged in this count of the Complaint, the plaintiff was damaged and injured as is hereinafter set forth.

## COUNT VI

### (Punitive Damages)

57. The plaintiff realleges and incorporates by reference all of the allegations of this Complaint as if set forth fully herein.

58. All of the acts of Defendant Allstate and its agents, adjusters, and employees as alleged in each count of this Complaint were wilful, wanton, malicious and done with actual malice, and/or reckless, and/or in reckless disregard for the civil rights of their insured, the plaintiff.

59. Defendant Allstate knew or should have known that the plaintiff's property

17

damage claim for homeowners insurance benefits was proper, was an insured casualty, and exceeded all offers of settlement by Defendant Allstate, and the plaintiff made demands and were wrongfully denied coverage by Defendant Allstate, and the plaintiff was wrongfully denied by Defendant Allstate to settle his property damage claim for homeowners insurance benefits under his Allstate homeowners insurance policy, but Defendant Allstate nonetheless acted wilfully, with actual malice, and intentionally in failing to timely afford coverage and settle the plaintiff's first-party property damage claim for homeowners insurance benefits.

60.  Defendant Allstate and its agents, adjusters, and employees knew or should have known that plaintiff's claim for first-party homeowners insurance policy benefits under the Allstate insurance policy for damages and losses and that settlement of the claim within the applicable policy limits was proper, but Defendant Allstate nonetheless acted wilfully, maliciously, with actual malice and intentionally in failing to timely settle plaintiff's claim for first-party homeowners insurance policy benefits.

61.  As a direct and proximate result of the acts alleged in this count of the Complaint, the plaintiff was damaged and injured as is hereinafter set forth.

COUNT VII

(Damages)

62.  The plaintiff realleges and incorporates by reference all of the allegations of this Complaint as if set forth fully herein.

63.  As a direct and proximate result of the acts of Defendant Allstate as alleged in each count of this Complaint, the plaintiff has suffered the following compensable

16

damages and losses:

    a.    insurance policy benefits wrongfully withheld;

    b.    sustained aggravation and inconvenience, annoyance, emotional distress, anger, anguish, chagrin, depression, disappointment, embarrassment, fear, fright, grief, horror, loss of use of insurance benefits and/or humiliation;

    c.    sustained costs and expenses;

    d.    was forced to retain counsel to file this lawsuit to recover for his covered first-party property damage claim for homeowners insurance benefits under his Allstate insurance policies which caused mental stress and anxiety; and

    e.    sustained costs for attorney fees and net economic losses.

        WHEREFORE, Plaintiff Stanley Miller demands judgment against Defendant Allstate Vehicle & Property Insurance Company for compensatory damages to which the plaintiff is entitled for the wrongs alleged against Defendant Allstate Vehicle & Property Insurance Company in the various counts of this Complaint in an amount in excess of the jurisdictional limits of this Court and for punitive damages in an amount that will punish Defendant Allstate Vehicle & Property Insurance Company, deter Defendant Allstate Vehicle & Property Insurance Company from committing this type of conduct in the State of West Virginia in the future, and by setting an example, deter other insurers from committing this type of conduct in the State of West Virginia in the future and in such amount as will satisfy all other reasons of law and public policy for an award of punitive or exemplary damages. Plaintiff Stanley Miller further demands

attorney fees, pre-judgment interest, post-judgment interest, costs, and for such other

relief as the Court or jury deems just.  The amount in controversy satisfies the minimum

jurisdictional amount established for filing this action.

### PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES.

Respectfully Submitted,
STANLEY MILLER,

By: _____
Plaintiff's Counsel

Jacob M. Robinson, Esq. (W.Va. Bar No. 3133)
**ROBINSON LAW OFFICES**
Robinson Professional Center
**1140 Main St 3rd Fl**
Wheeling, WV 26003-2704
telephone:    (304) 233 - 5200
fax:          (304) 233 - 2089



18

## CIVIL CASE INFORMATION STATEMENT
## CIVIL CASES
### In the Circuit Court of Marshall County, West Virginia

**I. CASE STYLED:** Stanley Miller, Plaintiff, vs. Allstate Vehicle & Property Insurance Company, Defendant.

Plaintiff:

Civil Action No.: 15-C-98

Stanley Miller
238 Skyline Dr
Moundsville, WV 26041-5180

Judge: _____

vs.

Defendant:

Days to Answer     Type of Service

Allstate Vehicle & Property Insurance Company
c/o CT Corporation System
5400 D Big Tyler Road
Charleston, WV 25313

    N/A     Hold Service

Original and __0__ copies of Complaint enclosed/attached.

| PLAINTIFF: Stanley Miller DEFENDANT: Allstate Vehicle & Property Insurance Company | CIVIL ACTION NUMBER: |
|---|---|

## II. TYPE OF CASE:

| ■ General Civil | □ Adoption | □ Medical Malpractice |
|---|---|---|
| □ Mass Litigation (as defined in TCR Rule XIX(c)) | □ Administrative Agency Appeal | □ Personal Injury |
| □ Asbestos | □ Civil Appeal from Magistrate Court | □ Product Liability |
| □ Carpal Tunnel Syndrome | □ Miscellaneous Civil | □ Auto |
| □ Diet Drugs | □ Mental Hygiene | ■ Contract |
| □ Environmental | □ Guardianship | □ Real Property |
| □ Industrial Hearing Loss | □ Modification/Magistrate Rules | □ Habeas Corpus/Other Extraordinary Writ |
| □ Silicone Implants | □ Commercial Credit | ■ Other - Insurance/Unfair Trade Practices Act |

**III.  JURY DEMAND:**        ■ Yes        □ No

CASE WILL BE READY FOR TRIAL BY (MONTH/YEAR): October 2016

**IV.  DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS DUE TO A DISABILITY?**   □ Yes        ■ No

If yes, please specify:
       □ Wheelchair accessible hearing room and other facilities
       □ Interpreter or other auxiliary aid for the hearing impaired
       □ reader or other auxiliary aid for the visually impaired
       □ spokesperson or other auxiliary aid for the speech impaired
       □ Other:

| | |
|---|---|
| Attorney:   Jacob M. Robinson (WV No 9133) | Representing: |
| Firm:      **ROBINSON LAW OFFICES** | ■ Plaintiff |
| Address:   Robinson Professional Center | □ Defendant |
|       1140 Main St Fl 3 | □ Cross-Complainant |
|       Wheeling, WV 26003-2704 | □ Cross-Defendant |
| Telephone:  (304) 233 - 5200 | □ Proceeding without an |
| Dated:     May 14, 2015 |    attorney |

Signature:  _Jacob M. Robinson_