**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling**

**STANLEY MILLER,**

           Plaintiff,

**v.**                                    **Civil Action No. 5:15-CV-90
(BAILEY)**

**ALLSTATE VEHICLE & PROPERTY
INSURANCE COMPANY,**

           Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

Pending before this Court is the Plaintiff's Motion to Remand to the Circuit Court of Marshall County, West Virginia [Doc. 5], which was filed on July 28, 2015. Defendant filed its Response [Doc. 7] on August 11, 2015. This Court finds the Motion is ripe for disposition. For the reasons that follow, the Motion is **GRANTED**.

### Background and Procedural History

This case was originally filed in the Circuit Court of Marshall County, West Virginia, on May 14, 2015. In his Complaint, plaintiff alleges that his home sustained considerable damage when a severe wind and hail storm damaged his roof and other portions of the exterior [Doc. 1-1, ¶ 8]. The Complaint alleges that the damage is covered by the plaintiff's homeowner's insurance policy with defendant Allstate. (Id. at ¶ 6).

As a result of the alleged conduct, plaintiff further alleges, *inter alia*, that the home

has sustained additional damage (id. at ¶ 5); the defendant breached the implied covenant of good faith and fair dealing (id. at ¶ 55); the defendant's conduct violates West Virginia Code § 33-11-4 (id. at ¶ 46); the defendant breached its contract with plaintiff (id. at 52); and the acts were intentional, willful and outrageous in character, and were committed in bad faith (id. at ¶ 58).

On July 10, 2015, defendant Allstate removed this case to this Court asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332 [Doc. 1].  The plaintiff timely filed the pending Motion to Remand [Doc. 5].

## Applicable Law

"We begin with the undergirding principle that federal courts, unlike most state courts, are courts of limited jurisdiction, created by Congress with specified jurisdictional requirements and limitations.  Accordingly, a party seeking to adjudicate a matter in federal court must allege and, when challenged, must demonstrate the federal court's jurisdiction over the matter.  If a plaintiff files suit in state court and the defendant seeks to adjudicate the matter in federal court through removal, it is the defendant who carries the burden of alleging in his notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter."  ***Strawn v. AT & T Mobility***, 530 F.3d 293, 296 (4th Cir. 2008) (citations omitted).

Federal courts "'are obliged to construe removal jurisdiction strictly because of the significant federalism concerns implicated' and that 'if federal jurisdiction is doubtful, a remand to state court is necessary.' ***Md. Stadium Auth. v. Ellerbe Becket Inc.***, 407 F.3d 255, 260 (4th Cir. 2005) (internal quotation marks, citations, and alterations omitted); *see*

also **Shamrock Oil** [**& Gas Co. v. Sheets**], 313 U.S. at 109 ('Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined.' (internal quotation marks omitted))." **Palisades Collections LLC v. Shorts**, 552 F.3d 327, 333-34 (4th Cir. 2008).

"Defendants seeking removal bear the burden of demonstrating that jurisdiction is proper.  *See* **Strawn v. AT & T Mobility LLC**, 530 F.3d 293, 296-97 (4th Cir. 2008).  "While a defendant filing a notice of removal under 28 U.S.C. § 1446(a) need only *allege* federal jurisdiction with a short plain statement - just as federal jurisdiction is pleaded in a complaint - when removal is challenged, the removing party bears the burden of *demonstrating* that removal jurisdiction is proper."  **Strawn**, *supra* at 297, citing **Ellenburg v. Spartan Motors Chassis, Inc.**, 519 F.3d 192, 200 (4th Cir. 2008).

"The question then becomes how that burden is to be satisfied.  Generally, the amount specified in the complaint will determine whether the jurisdictional amount is satisfied for purposes of removal.  *See* **Wiggins v. North Am. Equitable Life Assurance Co.**, 644 F.2d 1014, 1016 (4th Cir. 1981).  Determining the amount in controversy becomes more difficult, however, where, as here, plaintiffs have left damages unspecified in their complaint."  **Bartnikowski**, *supra* at 734 (footnote omitted).

In West Virginia, it is not required that the Complaint's *ad damnum* clause state a specific dollar amount.  In such circumstances, the Court may consider the entire record before it and may conduct its own independent inquiry to determine whether the amount in controversy satisfies the jurisdictional minimum.  **Mullins v. Harry's Mobile Homes**, 861

3

F.Supp. 22, 23 (S.D. W.Va. 1994). In so doing, the Court is not required "to leave common sense behind." *Id*. at 24.

## Discussion

It is undisputed that the parties in this case are diverse;[1] therefore, this Court will limit its inquiry to whether Section 1332's jurisdictional amount can be satisfied. In its Notice of Removal, the defendant attempts to establish the jurisdictional amount by rehashing the Complaint.

To calculate the amount in controversy, a court must consider the entire record and make an independent evaluation of whether the amount in controversy has been satisfied. ***Weddington v. Ford Motor Credit Co.***, 59 F.Supp.2d 578, 584 (S.D. W.Va. 1999); *see also **Mullins v. Harry's Mobile Homes***, 861 F.Supp. 22, 24 (S.D. W.Va. 1994) (specifically stating that court may consider complaint, removal petition, and "other relevant matters in the file"). In conducting this analysis, the court may consider:

> the type and extent of the plaintiff's injuries and the possible damages recoverable therefore, including punitive damages if appropriate. The possible damages recoverable may be shown by the amounts awarded in other similar cases. Another factor for the court to consider would be the expenses or losses incurred by the plaintiff up to the date the notice of removal was filed. The defendant may also present evidence of any settlement demands made by the plaintiff prior to removal although the weight to be given such demands is a matter of dispute among courts.

---

[1] Plaintiff Miller is a citizen of West Virginia, and Defendant Allstate is a citizen of Illinois.

***Watterson v. GMRI, Inc.***, 14 F.Supp.2d 844, 850 (S.D. W.Va. 1997) (internal citations omitted).

Neither the plaintiff's Complaint, nor the Notice of Removal, however, provide any dollar figures relating to alleged damages, with the exception of the estimate to repair the property in the amount of $16,055. Nor did the defendant provide any affidavits or other competent evidence from which this Court could make such a determination. The defendant did attach a copy of a letter to the plaintiff purporting to settle plaintiff's claim for $32.36 [Doc. 7-1]. The defendant also goes to great lengths to illustrate similar cases in which amounts exceeded the jurisdictional threshold. While these may be considered, they are certainly not dispositive. There have also been no settlement demands to consider. Finally, this Court finds punitive damages and attorney fees to be speculative. Having considered all of the above, this Court is of the opinion that the defendant has failed to meet its burden.

## Conclusion

Accordingly, based upon the foregoing, this Court hereby **GRANTS** the Plaintiff's Motion to Remand to the Circuit Court of Marshall County, West Virginia **[Doc. 5]**. Accordingly, this action is hereby **REMANDED** to the Circuit Court of Marshall County, West Virginia.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record herein and to the Clerk of the Circuit Court of Marshall County, West Virginia.

**DATED:** August 18, 2015.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE